IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **KIM ANTHONY POLONCZYK** | § | **PLAINTIFF** |
| | § | |
| v. | § | **CIVIL ACTION NO. 1:08CV284-LG-RHW** |
| | § | |
| **CORPORATE STATE OF ARKANSAS** | § | |
| and **GOVERNOR MIKE BEEBE** | § | **DEFENDANTS** |

## ORDER OF DISMISSAL FOR LACK OF JURISDICTION

**THIS MATTER IS BEFORE THE COURT** *sua sponte* pursuant to FED. R. CIV. P. 12(h)(3) for the purpose of considering whether this Court has jurisdiction over this lawsuit. Upon reviewing the Complaint filed by the Plaintiff, Kim Anthony Polonczyk, and the applicable law, the Court finds that the State of Arkansas and Governor Mike Beebe, are immune under the Eleventh Amendment of the United States Constitution, and thus this Court does not have jurisdiction over this lawsuit.

### FACTS

Plaintiff , a former resident of the State of Arkansas, filed a pro se complaint against the State of Arkansas and its Governor, Mike Beebe.[1] Governor Beebe is not specifically mentioned in the body of the Complaint, but it appears that the Plaintiff may have intended to assert all allegations against both Defendants.[2] Plaintiff seeks monetary damages only.

---

[1] The Plaintiff claims that Arkansas applies different tax structures to individuals who "leave the state in fear of the consequences if they remain." He also asserts that Arkansas extorted funds from him through utility bills and did not pay him sufficient unemployment benefits. Finally, he claims that Arkansas denied him equal protection, violated the Racketeer Influenced and Corrupt Organizations Act (RICO), acted negligently, breached its fiduciary duties, and violated the Federal Tort Claims Act. *See* Compl. at 2-9.

[2] In Exhibit A to his Complaint, the Plaintiff only mentions that he wrote a letter to the Governor, requesting an investigation of his allegations against Arkansas, but there is no further discussion of this request.

**DISCUSSION**

Pursuant to FED. R. CIV. P. 12(h)(3), this Court may raise the issue of its subject matter jurisdiction *sua sponte*. *See also Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 333 n.8 (5th Cir. 2002) ("[W]e may consider this issue [sovereign immunity] *sua sponte* because it bears on this court's subject matter jurisdiction."). The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend XI. Therefore, claims against a state may not be brought in federal court unless the state has waived its immunity or Congress has abrogated it pursuant to Section 5 of the Fourteenth Amendment. *Alden v. Maine*, 527 U.S. 706, 755-56 (1999); *Neinast v. Texas*, 217 F.3d 275, 280 (5th Cir. 2000) ("Congress has the power to abrogate [state sovereign] immunity under §5 of the Fourteenth Amendment, but only within its remedial powers under §5.").[3]

Eleventh Amendment immunity, where applicable, is shared by a state's agencies and officers to the extent that the state is the "real, substantial party in interest." *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 147 (5th Cir. 1991). However, the Eleventh Amendment does not bar lawsuits seeking declaratory or injunctive relief against state officers. *Okpalobi v. Foster*, 190 F.3d 337, 343 (5th Cir. 1999)(citing *Ex parte Young*, 209 U.S. 123 (1908)).

Arkansas has not waived its immunity, and the Court has not located any legislation in which Congress has abrogated the states' sovereign immunity with regard to claims like those

---

[3] Section 5 provides: "The Congress shall have power to enforce, by appropriate legislation, the provisions of this article." U.S. CONST. amend. XIV, §5.

asserted by the Plaintiff.  In addition, Plaintiff's claims against Governor Beebe are clearly claims against Arkansas, rather than against the Governor in his individual capacity.  Governor Beebe is never specifically mentioned in the body of the Complaint and all acts described in the Complaint are alleged to have been committed by Arkansas.  Both Defendants are shielded by sovereign immunity.  Therefore, this case must be dismissed without prejudice for lack of jurisdiction.

**IT IS THEREFORE ORDERED AND ADJUDGED** that this lawsuit is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS FURTHER ORDERED AND ADJUDGED** that all pending motions are hereby **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED** this the 9th day of September, 2008.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE